UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John R. Demos, # 287455,  )  | C/A No. 2:15-2360-TMC-MGB |
| Petitioner,  ) | |
| vs.  ) | Report and Recommendation |
| United States of America,  )<br>The C.I.A.,  )<br>The F.B.I.,  )<br>The President of the U.S.A.,  ) | |
| Respondents.  ) | |

The petitioner is an inmate at the Washington State Penitentiary in Walla Walla, Washington. On June 11, 2015, the petitioner submitted a pleading captioned as *United States of America v. The C.I.A.; the F.B.I.; and the President of the U.S.A.* (doc. 1), wherein the petitioner stated that he was a former document shredder for the Central Intelligence Agency (doc. 1 at 2–3). According to the petitioner, the pleading is a criminal complaint seeking criminal charges based on the alleged destruction or alteration of records to be used in a criminal investigation relating to the murders of President Abraham Lincoln,[*] Jacqueline Kennedy Onassis, and "Guitar legend Jimi Hendrix." (*id*. at 1).

---

[*] It appears that the petitioner is not aware that prosecutions for the murder of President Lincoln did take place. *See*, *e.g.*, *Shuey v. United States*, 92 U.S. 73, 76–77 (1875) (case relating to reward offered for apprehension of John H. Surratt, son of executed conspirator Mary Surratt); and *Bradley v. Fisher*, 80 U.S. 335, 336–37 (1871) (noting trial of John H. Surratt).

The Clerk's Office classified the above-captioned case as a mandamus action because the Administrative Office of United States Courts has not promulgated a separate nature of suit code for persons seeking criminal charges.  In an order (doc. 6) filed in this case on June 15, 2015, the undersigned directed the petitioner to submit a motion for leave to proceed *in forma pauperis* and a Financial Certificate.  On June 25, 2015, the petitioner submitted a properly-completed motion for leave to proceed *in forma pauperis* (doc. 8), a Financial Certificate signed by the petitioner (doc. 8-1), and a "print out" summary of the petitioner's inmate trust account (doc. 8-2).  The petitioner on June 25, 2015, also submitted an affidavit relating to: (1) the National Intelligence Daily; (2) the Central Intelligence Agency, the Mark of the Beast, and the number 666; (3) the murders on June 17, 2015, at a historic church in Charleston, South Carolina; (4) the C.I.A.'s Directorate; (5) the Secret Service; (6) the assassination of Senator Robert F. Kennedy;  (7) the assassination of President John F. Kennedy; and (8) the Vietnam War (doc. 9 at 1–4).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's

allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

As a private citizen, the petitioner cannot compel the United States to file new criminal charges relating to the deaths of Abraham Lincoln, Jacqueline Kennedy Onassis, and Jimi Hendrix. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases); and *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981), which arose in South Carolina. In *Leeke v. Timmerman*, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants. In *Leeke v. Timmerman*, the Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D.*, and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. *Leeke v. Timmerman*, 454 U.S. at 86-87. Moreover, in its opinion in *Leeke v. Timmerman*, the Supreme Court

3

of the United States cited a similar precedent from the Supreme Court of South Carolina. *See Leeke v. Timmerman*, 454 U.S. at 87 n. 2, *citing State v. Addison*, 2 S.C. 356, 364 (1871) ("Save for the just and proper vindication of the law, no one has an interest in the conviction of the prisoner. The prosecuting officer speaks for the State, and, if the motion is to be made for the removal of the trial on behalf of the State, it should be by him, and induced by his judgment. He is responsible for all errors in the official discharge of his duty, and he must be uncontrolled in the exercise of it."). Since the petitioner does not have standing to seek a federal criminal investigation or federal criminal charges, such relief requested by the petitioner cannot be granted in the above-captioned case.

In light of the Order of the Honorable G. Ross Anderson, Jr., Senior United States District Judge, in *Bracken v. Bank of America, N.A.*, Civil Action No. 6:14-1814-GRA-KFM, 2014 WL 7369570, at *6 (D.S.C. Dec. 29, 2014), the petitioner probably qualifies for *in forma pauperis* status, even under the Prison Litigation Reform Act. Even so, when a case is subject to summary dismissal or is frivolous, a district court may deny *in forma pauperis* status and dismiss the case, even though the litigant qualifies for *in forma pauperis* status solely based on the financial information provided to the court. See 28 U.S.C. § 1915(e)(2)(B), which is cited in *Machado v. Davis*, Civil Action No. 4:11-1758-KDW, 2012 WL 4051123, at *5 n. 6 (D.S.C. Sept. 13, 2012) (consent case).

The petitioner is under an order of pre-filing review in this district court. See the Order (doc. 5) of January 24, 2004, issued by the Honorable Henry M. Herlong, Jr., United States District Judge, in *John Robert Demos, Jr. v. The Governor of the State of Washington, et al.*, Civil Action No. 8:03-3882-HMH. It is recommended that the District Court, for future non-habeas civil actions filed by the petitioner in the District of South Carolina, modify the pre-filing injunction, and require the petitioner to pay the full filing fee (consisting of the applicable statutory filing fee and any administrative fee imposed by the Administrative Office of United States Courts). This type of injunction is also known as a "Julian Rochester"-type pre-filing injunction. *See Julian E. Rochester v. M. V. Laubshire, et al.*, Civil Action No. 6:12-0236-RBH, 2012 U.S. Dist. LEXIS 94727, 2012 WL 2805717, at *4 (D.S.C. July 10, 2012). Such a pre-filing injunction would allow the Clerk's Office to assign civil action numbers for docket control purposes and authorize the assigned magistrate judge to issue twenty-one-day orders directing the petitioner to pay the applicable filing fee. If the petitioner fails to pay the applicable filing fee in a future non-habeas civil action, the case would be dismissed *without prejudice*.

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* and without requiring the respondents to file an answer or other response. It is also recommended that the petitioner's for leave to proceed *in forma pauperis* (doc. 8) be denied. It is also recommended that the District Court modify the pre-filing injunction to require payment of the applicable filing fee in any future

non-habeas civil actions filed in this case by the petitioner in the District of South Carolina. The petitioner's attention is directed to the important notice on the next page.

June 25, 2015
Charleston, South Carolina

*Mary Gordon Baker*
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

### Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).